UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-cr-00617-SRC |
| LATREAL MOORING, | ) ) ) |
| Defendant. | ) |

**Order**

Defendant Latreal Mooring requests leave to file his Motion for Downward Variance under seal. Doc. 68. Mooring publicly filed a redacted version of his Motion, redacting certain health information, and the Court appreciates Mooring's attempt to narrowly tailor the information he seeks to keep sealed. Mooring argues that his motion "contains medical information which is protected under the Health Information Portability and Accountability Act (HIPAA)." *Id.* Mooring cites no authority supporting his argument that HIPAA provides a basis for sealing medical information that he wants the Court to consider in determining his sentence.

It is well-recognized that the public has a strong right to sentencing memoranda under the First Amendment and the common law right to judicial records. *See United States v. Hamm,* 4:19-cr-00613-SRC (E.D. Mo. Feb. 17, 2021) and cases cited therein. However, the First Amendment right of access is not absolute. *In re Search Warrant for Secretarial Area Outside Office of Gunn,* 855 F.2d 569, 574 (8th Cir. 1988) (citations omitted). "The party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling government interest." *Id.* at 569 (citations omitted).

HIPAA requires certain "covered entities" to protect medical information from disclosure without the patient's consent.  42 U.S.C. § 1320d-2.  Courts are not covered entities.  45 C.F.R. § 164.103  (defining covered entities as a health plan, a health care clearinghouse, or a health care provider who transmits any health information electronically in connection with covered transactions).  And, neither the Court nor anyone else is requiring that Mooring publicly disclose his medical information.  HIPAA simply does not apply or supply a basis for sealing Mooring's medical information.

Mooring has chosen to introduce his medical information in an attempt to mitigate his sentence.  The public's constitutional and common-law rights of access to the courts include a right to know the information courts considering in determining a sentence.  *U.S. v. Dare*, 568 F. Supp. 2d 242, 244 (N.D. N.Y. 2008) (citing *Press–Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1984); *In re The New York Times Co.,* 828 F.2d 110 (2d Cir.1987); *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir.2006)).  Mooring makes no attempt to demonstrate why the information he asks the Court to consider in granting lenity should be unavailable to anyone but himself, the prosecution, and the Court.  The Court recognizes the desire to keep medical records sealed, but the public has a right to know what factors a court considers in arriving at a sentence.  *See Hamm*; *Dare*, 568 F. Supp. at 244.  Circumstances may exist in which a defendant carries the burden of showing that certain medical records should be kept sealed yet nonetheless considered in determining a sentence, but the law requires the requisite showing.  Here, the public right to these records, which inform the Court's sentencing, are not outweighed by Mooring's privacy interest in his medical records.   *See Id.*

Accordingly, the Court denies Defendant Latreal Mooring's [68] Motion for Leave to File Motion Under Seal.  The Clerk of Court is directed to unseal Defendant Latreal Mooring's

[69] Motion for Downward Variance no earlier than 12:00 p.m. Central Time on Friday, April 9, 2021, unless Mooring requests to withdraw his motion before that time.

Dated this 7th  day of April 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**